UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MYRTLE M. MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-011-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT and RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Myrtle M. McNeal is appealing the decision to deny her Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") by Michael J. Astrue, Commissioner of Social Security. The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. McNeal did not consent to the United States Magistrate Judge exercising the jurisdiction of the District Court. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. The court has considered the administrative record, the arguments of the parties, and the applicable law and recommends that the District Court affirm the Commissioner's decision and dismiss the complaint.

## **I.    Procedural History**

McNeal filed applications for a period of DIB under Title II and for SSI under Title XVI of the Social Security Act on April 2, 2008. (Tr. at 80, 88). Her claims were denied initially and on reconsideration, and she requested a hearing. (Tr. at 40, 51, 58). Administrative Law Judge ("ALJ") Larry C. Marcy conducted a *de novo* administrative hearing at which McNeal appeared and testified. (Tr. at 18-30). The ALJ denied McNeal's application and McNeal sought review by the Appeals

Council, which denied her request. (Tr. at 1, 4, 34). Having exhausted her administrative remedies, McNeal timely commenced the present action seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g).

## II. Facts

McNeal was born on September 12, 1954. (Tr. at 80). She was fifty-two years old on January 1, 2007, her alleged onset date of disability. (*Id.*). She has an eighth grade education and has not earned a G.E.D. (Tr. 21, 135). Her past relevant work experience includes being a cook, a certified nursing assistant, an express driver, a sales associate at an electronics store, a laundry presser, and a cashier/salesperson at a department store. (Tr. at 117). Her past occupations entailed a variety of physical demands, with some involving occasional lifting of over 100 pounds. (Tr. at 121).

At the hearing, the ALJ found that McNeal suffers from the following severe combination of impairments: chronic back pain, lumbago, spondylosis and facet joint arthropathy of the lumbar spine, multi-joint pain, essential hypertension, hyperlipidemia, status-post a cholecystectomy, a mild MCL sprain, mild medial bursitis, early chondromalacia of the right knee, a history of depression, and vertigo. (Tr. at 9). The ALJ determined that McNeal has the residual functional capacity to perform light work with the ability to understand, remember, and carry out detailed but not complex tasks. (*Id.*).

## III. Standard of Review

This court's "review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461

(5th Cir. 2005). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Id.* (citations omitted). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

A claimant bears the burden of proving that he suffers from a disability. *Perez*, 415 F.3d at 461. The ALJ uses a five-step sequential analysis to evaluate claims of disability: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Perez*, 415 F.3d at 461. The claimant bears the burden of proof on the first four steps. *Id.* At the fifth step, the Commissioner bears the initial burden of proof, but once the Commissioner shows that the claimant can perform jobs in the national economy, the burden shifts back to the claimant to rebut this finding. *Id.*

Before proceeding to step four, the Commissioner determines the claimant's Residual Functional Capacity ("RFC"). *Id.* The RFC "is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 461-62. The RFC is used at steps four and five of the analysis. *Id.* at 462. Here the ALJ found that McNeal was not disabled at step five of the sequential analysis.

## IV.     Discussion

### A.     ALJ's Reliance on the Grid Rules

McNeal argues that the ALJ should have obtained testimony from a vocational expert because he found that McNeal has a severe mental impairment. Specifically, McNeal claims that the ALJ's finding of a severe nonexertional impairment at step two of the disability determination precludes the ALJ from relying solely on the Grid Rules at step five. McNeal correctly states that the finding of a severe nonexertional impairment precludes the ALJ from relying solely on the Grid Rules in making his disability determination. *See White v. Astrue*, 239 Fed. App'x 71, 73-74 (5th Cir. 2007); *Loza v. Apfel*, 219 F.3d 378, 398 (5th Cir. 2000). McNeal is incorrect, however, in asserting that she suffers from a "severe" nonexertional impairment. (Pl.'s Br. at 7) ("[T]he ALJ unequivocally ruled at Step 2 that Ms. McNeal's mental impairment is 'severe.'"). The ALJ made no such finding. To the contrary, the ALJ found that McNeal has a "severe *combination* of impairments." (Tr. at 9) (quotation omitted) (emphasis added). The only nonexertional impairment the ALJ listed in McNeal's combination of impairments is a "history of depression." (*Id.*). The ALJ stated in his decision that "Ms. McNeal's review of [symptoms] usually indicated she denied having psychiatric complaints" and that "her examinations indicated her mental status was always good." (Tr. at 14). He further stated that "the evidence does not indicate her depression is such that it would prevent her from working full-time on a consistent, sustained basis." (*Id.*). Most importantly, he found that "Ms. McNeal's allegations about her depression . . . have been inconsistent with the evidence and indicate it has not been as severe as alleged." (Tr. at 10). The ALJ did not find that McNeal suffers from a severe mental impairment.

4

Further, the evidence of record does not support a finding of a severe mental impairment. In March 2007 McNeal noted she was feeling depressed while visiting the UMC Emergency Center for complaints of a fever and epigastric pain. (Tr. at 217). In March and April of 2008 McNeal's review of symptoms indicated depression. (Tr. at 183, 187, 190). However, medical records ranging from April 2008 to February 2009 consistently show that McNeal had no psychiatric complaints and exhibited an appropriate mood and affect. (Tr. at 193-94, 263, 269, 276, 278-79, 291, 297, 306, 308, 311, 315, 317, 320, 324, 326, 328, 330, 333-34, 336-37, 339). Further, the evidence shows no record of McNeal ever having seen a psychiatrist, nor that her treating physician ever referred her to one. As such, the evidence of record supports the ALJ's findings—McNeal's depression does not rise to the level of being a severe mental impairment.

McNeal argues, as the Fifth Circuit Court of Appeals stated in *Loza*, that use of the Grid Rules "is appropriate when it is established that a claimant suffers only from exertional impairments, or that the claimant's *non-exertional impairments do not significantly affect his residual functional capacity*." *Loza*, 219 F.3d at 398 (emphasis added) ("[I]f it should be determined on remand that [claimant's] non-exertional mental impairments during the period of disability were not merely a slight abnormality of minimal effect on ability to work, the ALJ's reliance on the Grid Rules at the fifth level also constitutes error and must be reconsidered."). This raises the question as to whether McNeal's only nonexertional impairment that the ALJ found her to have—depression—significantly affects her residual functional capacity. It does not. McNeal argues that because the Fifth Circuit Court of Appeals has linked the finding of a "severe" mental impairment at step two with a determination that the mental impairment "significantly affected" the claimant's RFC to such degree that reliance solely upon the Grid Rules at step five would be

5

inappropriate, the Grid Rules should therefore be inappropriate in her case since she has a "severe" mental impairment. (Pl.'s Br. at 6-7). This argument is without merit because, as discussed above, McNeal does not suffer from a "severe" mental impairment. As Section 404.1521 states, "An impairment or combination of impairments is not severe if it does not significantly limit your physical or **mental** ability to do basic work activities." 20 C.F.R. § 404.1521 (2010). Because McNeal's mental impairment is not severe, it does not significantly limit her mental ability to do basic work. In fact, the ALJ made clear that "the evidence does not indicate her depression is such that it would prevent her from working full-time on a consistent, sustained basis." (Tr. at 14). Accordingly, the ALJ was not required to rely on a vocational expert during his step five finding.

> B. **Residual Functional Capacity Finding**

McNeal also argues that the ALJ's mental RFC assessment is unsupported by substantial evidence because the assessment was not based on any medical source's opinion. She claims that "there is no evidence in the record from an expert treating, examining, or even non-examining medical source which supports the ALJ's determination that Ms. McNeal retains the ability to understand, remember, and carry out detailed but not complex tasks." (Pl.'s Br. at 8) ("Instead, the ALJ considered only objective findings and then arbitrarily decided Ms. McNeal's mental RFC without any expert medical advice.").

McNeal's argument is without merit. She correctly states that the Fifth Circuit Court of Appeals recognized that medical records alone are generally insufficient to constitute "substantial evidence" to support an ALJ's RFC finding. *See Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995); *see also Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) ("In a situation . . . where no medical statement [indicating the effect the

6

claimant's condition(s) has on his ability to work] has been provided, our inquiry focuses on whether the decision of the ALJ is supported by substantial evidence in the existing record." (quoting *Ripley*, 67 F.3d at 557)). However, no mental RFC assessment is required in this case. *Id.* "If a mental impairment is judged to be severe but not to meet or equal a Listing, assessment of a claimant's mental RFC is required; *if it is judged non-severe, no mental RFC assessment need be made*." *Taylor v. Astrue*, No. 09-281-P-H, 2010 WL 2025060, at *2 (D. Me. May 18, 2010) (citing 20 C.F.R. §§ 404.1520a, 416.920a) (emphasis added). The Fifth Circuit Court of Appeals upheld a decision that the determination of a claimant's mental RFC was not needed where the medical record did not indicate that the claimant's mental condition rose to the level of a severe impairment. *Brooks v. Barnhart*, 128 Fed. App'x 344, 344 (5th Cir. 2005). The court held that

> The ALJ's determination that [Plaintiff] did not have a severe mental impairment is supported by substantial evidence. The medical record did not indicate that [Plaintiff's] mental condition rose to the level of a severe impairment, and thus, there was no need for the ALJ to order further testing to determine Brooks' residual functional capacity in regards to her psychological problems.

*Id.* The ALJ did not find McNeal to be suffering from a severe mental impairment, and he discussed at length McNeal's alleged depression. He found that "Ms. McNeal's allegations about her depression . . . have been inconsistent with the evidence and indicate it has not been as severe as alleged." (Tr. at 10). In fact, the ALJ gave McNeal the "benefit of the doubt in finding she is limited to understanding, remembering, and carrying out detailed but not complex tasks, due to her depression . . . " (Tr. at 14). Further, as discussed above, the evidence of record does not support a finding of a severe mental impairment. Therefore, McNeal's argument is without merit.

## V. Recommendation

The district court should find that the Commissioner applied the proper legal standards and that the decision is supported by substantial evidence. Accordingly, the Commissioner's decision that McNeal was not disabled and not entitled to benefits should be affirmed and this case should be dismissed.

## VI. Discussion

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 29, 2010.

NANCY M. KOENIG
United States Magistrate Judge